UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARL HESTER, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | DOCKET NO. _____ |
| v. | § § | JURY TRIAL DEMANDED |
| PHILLIPS 66 COMPANY, | § § | COLLECTIVE ACTION |
| Defendants. | § § | |

# CLASS AND COLLECTIVE ACTION COMPLAINT

## SUMMARY

1. Carl Hester ("Hester") worked for Phillips 66 Company as a Construction Field Representative.

2. Phillips 66 improperly classified Hester as an independent contractor.

3. Phillips 66 paid Hester a flat amount for each day worked (a "day rate") with no overtime compensation for hours worked in excess of 40 in a week.

4. Phillips 66's day rate pay plan violates the overtime requirements of the Fair Labor Standards Act (FLSA). *See* 29 U.S.C. § 201 *et seq.*

5. Phillips 66's day rate plan violates the overtime requirements of the New Jersey State Wage and Hour Law ("NJSWHL"). N.J.S.A. § 34:11-56a *et seq.*

## JURISDICTION & VENUE

6. This Court has subject matter jurisdiction because this case presents a federal question. 29 U.S.C. § 216(b); 28 U.S.C. § 1331. This Court also has federal jurisdiction pursuant to the jurisdictional provisions of the Class Action Fairness Act. 28 U.S.C. § 1332(d).

7. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper under 28 U.S.C. § 1391 since a substantial part of the events giving rise to this claim occurred in this District and Division.

## PARTIES

9. Hester was employed by Phillips 66 and regularly worked in excess of 40 hours a week without receiving overtime pay. His written consent is attached as Exhibit A.

10. Hester brings this action on behalf of himself and all other similarly situated day rate workers who were classified as independent contractors, under the collective action provisions of the FLSA (the "FLSA Class"). *See* 29 U.S.C. §216(b). The FLSA Class was subjected to the same FLSA violations as Hester and is properly defined as:

> **All persons working for Phillips 66 during the past 3 years who were classified as independent contractors and paid on a day rate basis.**

11. Second, Hester brings this action on behalf of himself and all other similarly situated day rate workers under the NJSWHL ("New Jersey Class") pursuant to Rule 23 of the Federal Rules of Civil Procedure. The NJSWHL Class sought to be certified is defined as:

> **All persons working for Phillips 66 in New Jersey during the past 3 years who were classified as independent contractors and paid on a day rate basis.**

12. Collectively, the FLSA Class and the New Jersey Class Members are referred to as "Putative Class Members."

13. The Putative Class Members are easily ascertainable from Defendant's business and personnel records.

14. Defendant **Phillips 66 Company** may be served through its registered agent: **Corporate Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.**

**FACTUAL ALLEGATIONS**

15. Phillips 66 is a global energy company "full of seasoned leadership and talented people making responsible choices." *See* "About Phillips 66" http://www.phillips66.com/about (last visited March 29, 2018).

16. Phillips 66 is part of an international enterprise whose annual revenues have far exceeded the minimum ($500,000) required for coverage under the FLSA in each of the past 3 years.

17. Phillips 66's employees regularly use tools, computers, telephones, and other goods or materials that have moved in, or were produced for, commerce.

18. Phillips 66 is a covered enterprise within the meaning of the FLSA.

19. Hester and the Putative Class Members worked for Phillips 66 in the United States.

20. Hester worked for Phillips 66 in Texas and New Jersey.

21. Phillips 66 employed Hester from September 2017 until March 2018.

22. Phillips 66 misclassified Hester and the Putative Class Members as independent contractors.

23. Hester and the Putative Class Members did not have the power to hire or fire any employees.

24. Phillips 66 set the work schedules of Hester and the Putative Class Members.

25. Phillips controlled the premises on which Hester and the Putative Class Members worked.

26. Phillips 66 required Hester and the Putative Class Members to work according to its guidelines and requirements.

27. For example, Hester reported to a Phillips 66 supervisor, Peter.

28. Phillips 66 also required Hester to complete work permits and daily reports that they provided.

29. Phillips 66 provided all the equipment used by Hester and the Putative Class Members.

30. Hester did not provide the equipment he worked with on a daily basis. Phillips 66 made the large capital investments in buildings, machines, equipment, tools, and supplies that Hester used.

31. Hester and the Putative Class Members did not incur operating expenses like rent, payroll, marketing, and insurance.

32. Hester was typically scheduled for 10 to 12 hours for every day that he worked.

33. Hester worked at least 10 hours a day, and often worked far more.

34. Hester worked as many as 7 days in a week.

35. Thus, Hester worked more than 70 hours in a typical workweek (far in excess of the overtime threshold of 40 hours).

36. Hester's working relationship with Phillips 66 is similar to that of the Putative Class Members.

37. Hester's work schedule was typical of the Putative Class Members.

38. Phillips 66 knows Hester and the Putative Class Members were scheduled for at least 10 hours a day, for as many as 7 days a week.

39. Phillips 66's records reflect the fact Hester and the Putative Class Members regularly worked far in excess of 40 hours in certain workweeks.

40. Phillips 66 did not pay Hester or the Putative Class Members overtime for hours worked in excess of 40 in any of those weeks.

41. Instead, Phillips 66 paid Hester and the Putative Class Members on a day rate basis.

42. Hester and the Putative Class Members were economically dependent on Phillips 66 during their employment.

43. Phillips 66 determined Hester's and the Putative Class Members' opportunity for profit and loss. Their earning opportunity was based on the number of days Phillips 66 scheduled them to work.

44. Under Phillips 66's day rate policy, Hester and the Putative Class Members are simply paid their day rate times the number of days they work in a week.

45. For example, if Hester worked 3 days in a week, Phillips 66 paid him his day rate times 3.

46. Phillips 66 does not pay its independent contractor day rate workers (like Hester and the Putative Class Members) any overtime for hours worked in excess of 40 in a week.

47. Even though Hester and the Putative Class Members regularly worked more than ten hours per day for weeks on end, Phillips 66 did not pay Hester and the Putative Class Members any overtime compensation.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

48. Hester brings this claim as a collective action under the FLSA and as a class action under the NJSWHL.

49. The Putative Class Members are similarly situated in all relevant respects.

50. Even if their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

51. The illegal day rate policy that Phillips 66 imposed on Hester was likewise imposed on all Putative Class Members.

52. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and the NJSWHL.

53. Based on his experiences and tenure with Phillips 66, Hester is aware that Phillips 66's illegal practices were imposed on other Putative Class Members.

54. The Putative Class Members were similarly denied overtime when they worked more than 40 hours per week.

55. The overtime owed to Hester and the Putative Class Members will be calculated using the same records and using the same formula.

56. Hester's experiences are therefore typical of the experiences of the Putative Class Members.

57. The specific job titles or precise job locations of the various members of the Putative Class do not prevent class or collective treatment.

58. Hester has no interests contrary to, or in conflict with, the Putative Class Members that would prevent class or collective treatment.

59. Like each Putative Class Member, Hester has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

60. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

61. Absent a class and collective action, many Putative Class Members will not obtain redress of their injuries and Phillips 66 will reap the unjust benefits of violating the FLSA and the NJSWHL.

62. Further, even if some of the Putative Class Members could afford individual litigation against Phillips 66, it would be unduly burdensome to the judicial system.

63. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members, as well as provide judicial consistency.

64. The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

65. Among the common questions of law and fact are:

    a. Whether Phillips 66 employed the Putative Class Members within the meaning of the FLSA and the NJSWHL;

b. Whether Phillips 66's violation of the FLSA and the NJSWHL resulted from a continuing course of conduct;

c. Whether Phillips 66's decision to classify these workers as independent contractors was made in good faith;

d. Whether Phillips 66's decision to pay a day rate with no overtime compensation to these workers was made in good faith;

e. Whether Phillips 66's violations of the FLSA and the NJSWHL were willful; and

f. Whether Phillips 66's illegal pay practice applied to the Putative Class Members.

66. Hester and the Putative Class Members sustained damages arising out of Phillips 66's illegal and uniform employment policy.

67. Hester knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

68. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Phillips 66's records and there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

69. Phillips 66 is liable under the FLSA and the NJSWHL for failing to pay overtime to Hester and the Putative Class Members.

70. Consistent with Phillips 66's illegal day rate policy, Hester and the Putative Class Members were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

71. As part of a regular business practice, Phillips 66 intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Hester and the Putative Class Members.

72. Phillips 66's illegal day rate policy deprived Hester and the Putative Class Members of the premium overtime wages they are owed under federal law.

73. Phillips 66 is aware, or should have been aware, that the FLSA and/or the NJSWHL required them to pay Hester and the Putative Class Members overtime premiums for all hours worked in excess of 40 hours per workweek.

74. Phillips 66 has been investigated by the Department of Labor in the past and found in violation of the FLSA.

75. Phillips 66 has been sued in the past by other employees for failing to pay overtime as required by the FLSA.

76. There are many similarly situated Putative Class Members who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

77. This notice should be sent to the Putative Class Members pursuant to 29 U.S.C. § 216(b).

78. Those similarly situated employees are known to Phillips 66, are readily identifiable, and can be located through Phillips 66's records.

### CAUSE OF ACTION

### Violation of the FLSA

79. Hester realleges and incorporates by reference all allegations in preceding paragraphs.

80. At all relevant times, Phillips 66 has been an enterprise engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

81. Defendant employed Hester and the Putative Class Members.

82. Defendant's pay policy denied Hester and the Putative Class Members overtime compensation at the legal overtime rates required by the FLSA.

83. Defendant's failure to pay Hester and the Putative Class Members overtime at rates not less than one and one-half times their proper regular rate violates 29 U.S.C. § 207.

84. The foregoing conduct constitutes a willful violation of the FLSA.

85. Hester and the Putative Class Members are entitled to recover their unpaid overtime compensation, liquidated damages, reasonable attorney fees, costs, and expenses of this action from Phillips 66.

## SECOND CAUSE OF ACTION

### Violation of the New Jersey State Wage and Hour Law – Overtime Wages

86. Hester realleges and incorporates by reference all allegations in preceding paragraphs.

87. The overtime provisions of the NJSWHL and its supporting regulations apply to Phillips 66, and protect Hester and the Putative Class Members.

88. Phillips 66 failed to pay Hester and the Putative Class Members the premium overtime wages to which they were entitled under the NJSWHL — at a rate of 1.5 times their regular rate of pay — for all hours worked beyond 40 per workweek.

89. Through its knowing or intentional failure to pay Hester and the Putative Class Members the appropriate overtime wages for hours worked in excess of 40 hours per workweek, Phillips 66 violated the NJSWHL.

90. Due to Phillips 66's willful violations of the NJSWHL, Hester and the Putative Class Members are entitled to recover from Phillips 66 for their unpaid wages, prejudgment interest, and reasonable attorneys' fees and costs pursuant to the NJSWHL.

## JURY DEMAND

91. Hester demands a trial by jury.

**PRAYER**

WHEREFORE, Hester, individually, and on behalf of the Putative Class Members respectfully requests that this Court grant the following relief:

a. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the Putative Class Members to permit them to join this action by filing a written notice of consent;

b. A judgment against Defendant awarding Hester and the Putative Members all their unpaid overtime compensation and an additional, equal amount, as liquidated damages;

c. Certification of the New Jersey Class pursuant to Federal Rule of Civil Procedure 23;

d. Designation of Hester as proposed representative of the New Jersey Class and counsel of record as Class Counsel;

e. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA and the NJSHWL;

f. An order awarding attorney fees, costs, and expenses;

g. Pre- and post-judgment interest at the highest applicable rates; and

h. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
Michael A. Josephson
State Bar No. 24014780
Federal ID No. 27157
Andrew W. Dunlap
State Bar No. 24078444
Federal ID No. 1093163
Jennifer M. Solak
State Bar No. 24060634
Federal ID No. 3136580
**JOSEPHSON DUNLAP**

11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
jsolak@mybackwages.com

**AND**

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**