**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CARL HESTER, Individually and on Behalf of All Others Similarly Situated,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **Civil Action No. 4:18-CV-01078** |
| **PHILLIPS 66 COMPANY and HAYES FIELD SERVICES COMPANY LLC,** | § § § | |
| **Defendants.** | § § | |

**PHILLIPS 66 COMPANY'S ORIGINAL ANSWER AND AFFIRMATIVE
AND OTHER DEFENSES TO PLAINTIFF'S AMENDED
CLASS AND COLLECTIVE ACTION COMPLAINT**

Phillips 66 Company ("Phillips 66") files this Original Answer and Affirmative and Other Defenses to Plaintiff's Amended Class and Collective Action Complaint ("Amended Complaint").

## AFFIRMATIVE AND OTHER DEFENSES

Phillips 66 pleads the following affirmative and other defenses, subject to further discovery, but does not assume the burden of proof except to the extent required on pure affirmative defenses:

1. Plaintiff's Amended Complaint fails, in whole or in part, to state a cause of action against Phillips 66 upon which relief can be granted and should therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

2. Phillips 66 did not employ Plaintiff as defined under the Fair Labor Standards Act ("FLSA"), the New Jersey State Wage and Hour Law ("NJSWHL"), or under any other federal, state, or local law.

3. Any cause of action or claim for damages stated in Plaintiff's Amended Complaint arising more than two years before the filing of the lawsuit is barred by the statute of limitations set forth at 29 U.S.C. § 255(a).

4. Any cause of action or claim for damages stated in Plaintiff's Amended Complaint under the NJSWHL is barred by the applicable statute of limitations.

5. Any acts or omissions by Phillips 66 with respect to the payment of wages were undertaken in good faith reliance on the regulations and interpretations of the Wage Hour Administration of the United States Department of Labor and/or legal advice or opinions from outside counsel and were based on long-standing industry standards and practices.

6. To the extent sought, pre-judgment interest is not available in a case brought pursuant to 29 U.S.C. §§ 216 and 260 or the NJSWHL.

7. The allegations in Plaintiff's Amended Complaint are insufficient to establish that any alleged putative class members are similarly situated for purposes of maintaining a representative action pursuant to the requirements of 29 U.S.C. § 216(b).

8. The purported class definition is not sufficiently precise to meet the requirements of a collective action under the FLSA.

9. Based on information and belief, Plaintiff has been fully compensated for all hours worked and for all overtime in accordance with the requirements of the FLSA and NJSWHL.

10. Plaintiff cannot satisfy his burden of proof with respect to any alleged damages suffered.

11. The allegations in Plaintiff's Amended Complaint are insufficient to establish that Phillips 66 engaged in willful conduct as defined by the FLSA, the NJSWHL, and relevant case law.  Thus, any relevant period of consideration in this matter is limited to a two-year period prior to the institution of this lawsuit.

12. To the extent sought, Plaintiff is not entitled to a jury determination regarding attorneys' fees or liquidated damages in a case brought pursuant to 29 U.S.C. §§ 216 and 260 and/or the NJSWHL.

13. Assuming, *arguendo*, Plaintiff is entitled to recover damages in this action, Plaintiff cannot recover for noncompensable or *de minimus* matters and Plaintiff's claims would be subject to offsets and deductions, including any and all payments for wages and payments in kind, received by Plaintiff during the time period for which damages are sought, including any time for which Plaintiff were paid but did not work.

14. Assuming, *arguendo*, Phillips 66 did employ Plaintiff as defined under 29 U.S.C. § 203(e)(1), Plaintiff is exempt from the overtime provisions of 29 U.S.C. § 207 pursuant to the provisions of 29 U.S.C. § 213, including the administrative, executive, professional exemptions, some combination thereof, and/or the highly compensated employee exemption.

15. Assuming, *arguendo*, Phillips 66 did employ Plaintiff, Plaintiff is exempt from the overtime provisions under state and local law, including, but not limited to the provisions of N.J. Admin. Code § 12:56-7.1, 7.2, including the bona fide executive, administrative, or professional capacity.

16. Subject to further discovery, Plaintiff's alleged losses and damages, if any, are the result of, and directly related to, Plaintiff's own conduct, actions and/or failure to act.

17. Subject to further discovery, Plaintiff's alleged losses and damages, if any, are the result of, and directly related to, other parties' conduct, actions and/or failure to act.

18. Plaintiff's claims against Phillips 66 are barred, in whole or in part, because this action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

19. Plaintiff fail to satisfy the prerequisites for a class action under Federal Rule of Civil Procedure 23.

20. Plaintiff's claims against Phillips 66 are barred, in whole or in part, because Plaintiff is not a proper class representatives pursuant to Rule 23 of the Federal Rules of Civil Procedure.

21. Plaintiff's claims under the NJSWHL, if not preempted in whole or in part by federal law, are barred in whole or in part because Plaintiff failed to establish the statutory prerequisites for these claims.

22. Plaintiff has not satisfied, and cannot satisfy, the requirements for certification of any type of class under the Federal Rules of Civil Procedure or state law, whichever may be applicable, and this action may not be properly maintained as any type of class action, collective action, or representative action because:

   a. Plaintiff has failed to plead and cannot establish the necessary procedural elements and requirements for treatment as such an action and such treatment is neither appropriate nor constitutional;

   b. Such an action is not an appropriate method for the fair and efficient adjudication of the claims described in Plaintiff's Amended Complaint;

c.  Common issues of fact or law which are of legal significance do not predominate and any common facts or law are insignificant compared to the individual facts and issues particular to Plaintiff and any putative class members he purports to represent;

d.  Plaintiff is not similarly situated to any of the putative class members he purports to represent and his claims and defenses are not representative or typical of the claims and defenses of such putative class members and the alleged putative class members as described in the Amended Complaint are not similarly situated to each other;

e.  Plaintiff is not a proper class representative or representative Plaintiff and lacks standing to assert the legal rights or interests of the putative class members he purports to represent;

f.  Plaintiff and alleged putative class counsel are not adequate representatives for any alleged putative classes because they are not able to fairly and adequately represent and protect the interests of all of the putative class members they purport to represent;

g.  There is not a well-defined community of interest in the questions of law or fact affecting Plaintiff and the putative class members he purports to represent;

h.  Any alleged putative classes are not ascertainable, nor are their members identifiable;

i.  To the extent any alleged putative classes are ascertainable and their members are identifiable, the number of putative class members is too

73369816.1                                    - 5 -

small to meet the numerosity requirement or is not so large that joinder of the individual members would not be impractical; and

j.   Plaintiff's claims and the claims of putative class members are not proper for class or collective certification because neither a class nor collective action is superior to other available methods for fair and efficient adjudication of this matter.

23. Plaintiff cannot recover under state laws for any allegedly failure to pay overtime that is attributable to work performed outside of the state whose law was allegedly violated.

24. Plaintiff is not entitled to recover overtime pay or obtain other relief pursuant to the law of any state in which he performed no work.

25. Plaintiff is not entitled to double or duplicative recovery.

26. Plaintiff cannot recover any damages or duplicative relief under state law to the extent that such damages or relief is duplicative of damages or relief realized through an FLSA claim.

27. Plaintiff's claims for damages are capped or limited in accordance with applicable law.

28. Phillips 66 specifically reserves the right to assert other defenses reasonably in advance of trial.

## **ORIGINAL ANSWER**

Subject to the above and foregoing affirmative and other defenses and reserving the right to assert additional defenses and/or amend its Answer as additional facts are discovered during this lawsuit, Phillips 66 pleads as follows to the specific allegations of Plaintiff's Amended Complaint:

## SUMMARY

1.    Phillips 66 admits that Plaintiff Carl Hester provided services to Phillips 66 as a Construction Field Representative through Hayes Field Services Company, LLC ("Hayes"), but denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

2.    Phillips 66 denies the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

3.    Phillips 66 denies the allegations contained in Paragraph 3 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

4.    Phillips 66 denies the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

5.    Phillips 66 denies the allegations contained in Paragraph 5 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

## JURISDICTION AND VENUE

6.    Phillips 66 admits that this Court has subject matter jurisdiction based on federal question, 28 U.S.C. § 1331, because Plaintiff bring this suit under the FLSA, 29 U.S.C. §

216(b), but denies that Plaintiff's allegations giving rise to such jurisdiction are true, that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.  Phillips 66 denies that Plaintiff's putative state law class action meets the jurisdictional requirements of 28 U.S.C. § 1332(d).

7.      Phillips 66 admits that this Court has supplemental jurisdiction based on 28 U.S.C. § 1367 if Plaintiff's allegations are true, but Phillips 66 denies that Plaintiff's allegations giving rise to such jurisdiction are true, that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

8.      Phillips 66 admits that venue is proper under 28 U.S.C. § 1391, but denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

## **PARTIES**

9.      Phillips 66 admits that Exhibit A is purportedly the consent form for Plaintiff and that it was filed with the Court at ECF No. 1, but denies that it employed Plaintiff.  Phillips 66 lacks sufficient information to admit or deny the remaining allegations in Paragraph 9 of Plaintiff's Amended Complaint, and thus denies same.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

10.     Phillips 66 admits that Plaintiff brings this action on behalf of himself and all other allegedly similarly situated workers who Plaintiff believes should be employees under the collective action provisions of the FLSA, 29 U.S.C. § 216(b), and that Plaintiff seeks to

certify a class of individuals as defined in Paragraph 10 of Plaintiff's Amended Complaint, but denies that class treatment of this case is appropriate, denies that Plaintiff's definition as defined in Paragraph 10 of Plaintiff's Amended Complaint is proper, and denies the remaining allegations contained in Paragraph 10 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

11.    Phillips 66 admits that Plaintiff brings this action on behalf of himself and all other allegedly similarly situated day rate workers under the NJSWHL pursuant to Rule 23 of the Federal Rules of Civil Procedure, and that Plaintiff seeks to certify a class of individuals as defined in Paragraph 11 of Plaintiff's Amended Complaint, but denies that class treatment of this case is appropriate, denies that Plaintiff's definition as defined in Paragraph 11 of Plaintiff's Amended Complaint is proper, and denies the remaining allegations contained in Paragraph 11 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct and that Plaintiff is entitled to any relief.

12.    Phillips 66 admits that Plaintiff refers to the individuals he seeks to represent under the FLSA and the NJSWHL as "Putative Class Members," but denies that class treatment of this case is appropriate, denies that Plaintiff's definition of the purported classes are proper, and denies the remaining allegations contained in Paragraph 12 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct and that Plaintiff is entitled to any relief.

13.     Phillips 66 denies the allegations contained in Paragraph 13 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

14.     Phillips 66 admits the allegations contained in Paragraph 14 of Plaintiff's Amended Complaint.

15.     Phillips 66 lacks sufficient information to admit or deny the allegations contained in Paragraph 15 of Plaintiff's Amended Complaint, and thus denies same.

## **FACTUAL ALLEGATIONS**

16.     Phillips 66 admits the allegations contained in Paragraph 16 of Plaintiff's Amended Complaint.

17.     Phillips 66 admits that it is has an international presence and that its annual revenues exceeded the threshold required for coverage under the FLSA in each of the past 3 years, but denies that it employed Plaintiff or any of the individuals who he seeks to represent such that the FLSA applies.  Phillips 66 further denies that that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

18.     Phillips 66 admits that its workers regularly use tools, computers, telephones, and other goods or materials that have moved on, or were produced for, commerce, but denies that it employed Plaintiff or any of the individuals who he seeks to represent such that the FLSA applies.  Phillips 66 further denies that that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

19.     Phillips 66 admits that it is a covered enterprise within the meaning of the FLSA, but denies that it employed Plaintiff or any of the individuals who he seeks to represent such that the FLSA applies.  Phillips 66 further denies that that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

20.     Phillips 66 admits the allegations contained in Paragraph 20 of Plaintiff's Amended Complaint.

21.     Phillips 66 lacks sufficient information to admit or deny the allegations contained in Paragraph 21 of Plaintiff's Amended Complaint, and thus denies same.

22.     Phillips 66 admits that Plaintiff provided services as an independent contractor to Phillips 66 while employed by Hayes in the United States, but lacks sufficient information to admit or deny regarding the other individuals who Plaintiff seeks to represent, and thus denies same.  Phillips 66 denies the remaining allegations contained in Paragraph 22 of Plaintiff's Amended Complaint.  Phillips 66 further denies that that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

23.     Phillips 66 admits that Plaintiff provided services as an independent contractor to Phillips 66 while employed by Hayes in Texas and New Jersey, but denies the remaining allegations contained in Paragraph 23 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

24.     Phillips 66 admits that Plaintiff provided services as an independent contractor to Phillips 66 from September 2017 until March 2018, but denies that it employed Plaintiff and

denies the remaining allegations contained in Paragraph 24 of Plaintiff's Amended Complaint. Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

25. Phillips 66 admits that Plaintiff provided services as an independent contractor to Phillips 66 while employed by Hayes, but lacks sufficient information to admit or deny regarding the other individuals who Plaintiff seeks to represent, and thus denies same. Phillips 66 further denies that that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

26. Phillips 66 denies the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint. Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

27. Phillips 66 denies the allegations contained in Paragraph 27 of Plaintiff's Amended Complaint. Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

28. Phillips 66 admits that Plaintiff was typically scheduled for 10 to 12 hours for every day that he provided services to Phillips 66, but denies that Plaintiff always worked 10 to 12 hours and denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

29. Phillips 66 admits that Plaintiff may have sometimes worked 10 hours a day or more, but denies that he always worked at least 10 hours a day and denies the allegations contained

in Paragraph 29 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

30.     Phillips 66 admits that Plaintiff may have sometimes worked 7 days in a week, but denies that he always worked 7 days in a week and denies the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

31.     Phillips 66 denies the allegations contained in Paragraph 31 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

32.     Phillips 66 denies the allegations contained in Paragraph 32 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

33.     Phillips 66 denies the allegations contained in Paragraph 33 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

34.     Phillips 66 denies the allegations contained in Paragraph 34 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that

Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

35.   Phillips 66 denies the allegations contained in Paragraph 35 of Plaintiff's Amended Complaint.   Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

36.   Phillips 66 denies the allegations contained in Paragraph 36 of Plaintiff's Amended Complaint.   Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

37.   Phillips 66 denies the allegations contained in Paragraph 37 of Plaintiff's Amended Complaint.   Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

38.   Phillips 66 denies the allegations contained in Paragraph 38 of Plaintiff's Amended Complaint.   Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

39.   Phillips 66 denies the allegations contained in Paragraph 39 of Plaintiff's Amended Complaint.   Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

40.    Phillips 66 denies the allegations contained in Paragraph 40 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

41.    Phillips 66 denies the allegations contained in Paragraph 41 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

42.    Phillips 66 denies the allegations contained in Paragraph 42 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

43.    Phillips 66 admits that Plaintiff seeks to bring this claim as a collective action under the FLSA and as a class action under the NJSWHL, but denies that collective or class treatment of this case is appropriate, denies that Plaintiff's collective and class definitions as defined in Paragraphs 10 and 11 of Plaintiff's Amended Complaint are proper, and denies the remaining allegations contained in Paragraph 43 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

44.    Phillips 66 denies the allegations contained in Paragraph 44 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that

Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

45.     Phillips 66 denies the allegations contained in Paragraph 45 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

46.     Phillips 66 denies the allegations contained in Paragraph 46 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

47.     Phillips 66 denies the allegations contained in Paragraph 47 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

48.     Phillips 66 lacks sufficient information to admit or deny what Plaintiff is aware of and thus denies same.  Phillips 66 denies the remaining allegations contained in Paragraph 48 of Plaintiff's Amended Complaint, specifically that it has any illegal practices.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

49.     Phillips 66 denies the allegations contained in Paragraph 49 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

50.    Phillips 66 denies the allegations contained in Paragraph 50 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

51.    Phillips 66 denies the allegations contained in Paragraph 51 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

52.    Phillips 66 denies the allegations contained in Paragraph 52 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

53.    Phillips 66 denies the allegations contained in Paragraph 53 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

54.    Phillips 66 denies the allegations contained in Paragraph 54 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

55.    Phillips 66 denies the allegations contained in Paragraph 55 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that

Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

56.     Phillips 66 denies the allegations contained in Paragraph 56 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

57.     Phillips 66 denies the allegations contained in Paragraph 57 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

58.     Phillips 66 denies the allegations contained in Paragraph 58 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

59.     Phillips 66 denies the allegations contained in Paragraph 59 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

60.     Phillips 66 denies the allegations contained in Paragraph 60, including subparts (a) through (f), of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

61.     Phillips 66 denies the allegations contained in Paragraph 61 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

62.     Phillips 66 denies the allegations contained in Paragraph 62 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

63.     Phillips 66 denies the allegations contained in Paragraph 63 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

64.     Phillips 66 denies the allegations contained in Paragraph 64 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

65.     Phillips 66 denies the allegations contained in Paragraph 65 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

66.     Phillips 66 denies the allegations contained in Paragraph 66 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that

Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

67.     Phillips 66 denies the allegations contained in Paragraph 67 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

68.     Phillips 66 denies the allegations contained in Paragraph 68 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

69.     Phillips 66 denies the allegations contained in Paragraph 69 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

70.     Phillips 66 denies the allegations contained in Paragraph 70 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

71.     Phillips 66 denies the allegations contained in Paragraph 71 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

72.     Phillips 66 denies the allegations contained in Paragraph 72 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

73.     Phillips 66 denies the allegations contained in Paragraph 73 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

## CAUSE OF ACTION –FLSA

74.     Phillips 66 admits that Plaintiff realleges and incorporates by reference all previous paragraph as alleged in Paragraph 74 of Plaintiff's Amended Complaint, but denies the allegations contained in Paragraph 74,  that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, that this action is appropriate as a collective/class action, and incorporates its previous responses to Plaintiff's allegations.

75.     Phillips 66 admits that it is a covered enterprise engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, but denies that it employed Plaintiff or any of the individuals who he seeks to represent such that the FLSA applies.  Phillips 66 further denies that that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

76.     Phillips 66 denies the allegations contained in Paragraph 76 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that

Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

77.     Phillips 66 denies the allegations contained in Paragraph 77 of Plaintiff's Amended Complaint.   Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

78.     Phillips 66 denies the allegations contained in Paragraph 78 of Plaintiff's Amended Complaint.   Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

79.     Phillips 66 denies the allegations contained in Paragraph 79 of Plaintiff's Amended Complaint.   Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

80.     Phillips 66 denies the allegations contained in Paragraph 80 of Plaintiff's Amended Complaint.   Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

## SECOND CAUSE OF ACTION
## NEW JERSEY STATE WAGE AND HOUR LAW – OVERTIME WAGES

81.     Phillips 66 admits that Plaintiff realleges and incorporates by reference all previous paragraph as alleged in Paragraph 81 of Plaintiff's Amended Complaint, but denies the allegations contained in Paragraph 81,  that it engaged in any unlawful conduct, that

Plaintiff is entitled to any relief, that this action is appropriate as a collective/class action, and incorporates its previous responses to Plaintiff's allegations.

82.     Phillips 66 denies the allegations contained in Paragraph 82 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

83.     Phillips 66 denies the allegations contained in Paragraph 83 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

84.     Phillips 66 denies the allegations contained in Paragraph 84 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

85.     Phillips 66 denies the allegations contained in Paragraph 85 of Plaintiff's Amended Complaint.  Phillips 66 further denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

**JURY DEMAND**

86.     Phillips 66 admits that Plaintiff has requested a jury trial, but denies that Plaintiff is entitled to any of the relief that he seeks.

**PRAYER**

87.     Phillips 66 admits that Plaintiff, individually and on behalf of the individuals he seeks to represent, prays for a judgment and requests the relief as outlined in the Prayer, including subparts (a) through (h), but denies that such relief is appropriate, that Phillips 66 engaged in any unlawful conduct, that Plaintiff or the individuals he seeks to represent are entitled to any of the recovery and/or relief sought, and that this action is appropriate as a collective/class action.

Dated:  September 4, 2018                           Respectfully submitted,


OF COUNSEL:
NORTON ROSE FULBRIGHT US LLP                 /s/ Shauna Johnson Clark
Kimberly F. Cheeseman                            Shauna Johnson Clark
State Bar No. 24082809                            State Bar No.  00790977
S.D. Tex. Id. No. 2254668                         S.D. Tex. Id. No. 18235
kimberly.cheeseman@nortonrosefulbright.com   NORTON ROSE FULBRIGHT US LLP
                                             1301 McKinney, Suite 5100
                                             Houston, Texas  77010-3095
Fulbright Tower                              Telephone:  (713) 651-5151
1301 McKinney, Suite 5100                    Facsimile:  (713) 651-5246
Houston, Texas  77010-3095                   shauna.clark@nortonrosefulbright.com
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246
                                                 *Attorney in Charge for Phillips 66 Company*

## <u>CERTIFICATE OF SERVICE</u>

This pleading was served on the following opposing counsel in compliance with the Federal Rules of Civil Procedure on September 4, 2018.

**<u>Counsel for Plaintiff:</u>**

Michael Josephson
Andrew Dunlap
Jennifer Solak
Josephson Dunlap Law Firm
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
mjosephson@mybackwages.com
adunlap@mybackwages.com
jsolak@mybackwages.com

Richard J. (Rex) Burch
Bruckner Burch PPLC
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone:  (713) 877-8788
Facsimile:  (713) 877-8065
rburch@brucknerburch.com

*s/Kimberly Cheeseman*
Kimberly F. Cheeseman
