UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CARL HESTER, individually and on behalf Others similarly situated,** § § § | | |
| **Plaintiff,** § § | **DOCKET NO. 4:18-cv-01078** | |
| **v.** § § | **JURY TRIAL DEMANDED** | |
| **PHILLIPS 66 COMPANY, and HAYES FIELD SERVICES COMPANY, LLC** § § § | **COLLECTIVE ACTION** | |
| **Defendants.** § | | |

## AMENDED ANSWER TO AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

Hayes Field Services Company, LLC ("Hayes") files this Amended Answer and Affirmative and Other Defenses to Plaintiff's Amended Class and Collective Action Complaint ("Amended Complaint").

## AMENDED ANSWER

Subject to the foregoing affirmative and other defenses and reserving the right to assert additional defenses and/or amend its Answer as additional facts are discovered during this lawsuit, Hayes pleads as follows to the specific allegations of Plaintiff's Amended Complaint:

### SUMMARY

1. Hayes admits that Plaintiff Carl Hester ("Hester" or "Plaintiff") worked for Hayes as a Construction Field Representative and was staffed to Phillips 66 Company ("Phillips 66"), but denies that Hester was an employee of Phillips 66.

2. Hayes denies the allegations in Paragraph 2 of the Amended Complaint.

3. Hayes denies the allegations in Paragraph 3 of the Amended Complaint.

4. Hayes denies the allegations in Paragraph 4 of the Amended Complaint and denies that Hayes violated the Fair Labor Standards Act ("FLSA").

5. Hayes denies the allegations in Paragraph 4 of the Amended Complaint and denies that Hayes violated the New Jersey State Wage and Hour Law.

## JURISDICTION

6. Hayes admits that this Court has subject matter jurisdiction based on a federal question, 28 U.S.C. § 1331, because Hester brings this suit under the FLSA, but denies that Hester's allegations giving rise to such jurisdiction are true, that it engaged in any unlawful conduct, that Hester is entitled to any relief, and that this actions is appropriate as a collective/class action. Phillips 66 denies that Hester's putative state law class action meets the jurisdictional requirements of 28 U.S.C. § 1332(d).

7. Hayes admits that this Court has supplemental jurisdiction over Hester's state law claims pursuant to 28 U.S.C. § 1367.

8. Hayes denies that venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim did not occur in this District and Division.

## PARTIES

9. Hayes admits that Hester was employed by Hayes and that Exhibit A is purportedly the consent form for Hester, but denies that he was employed by Phillips 66 and denies the remainder of Paragraph 9.

10. Hayes admits that Hester brings this action on behalf of himself and all other allegedly similarly situated day rate workers who were classified as independent contractors under the collective action provisions of the FLSA, 29 U.S.C. § 216(b),

and that Hester seeks to certify a class of individuals as defined in Paragraph 10, but denies that class treatment of this case is appropriate, denies that Hester's class definition as defined in Paragraph 10 is proper, and denies the remaining allegations in Paragraph 10.

11. Hayes admits that Hester brings this action on behalf of himself and all other allegedly similarly situated day rate workers who were classified as independent contractors under the New Jersey State Wage and Hour Law pursuant to Federal Rule of Civil Procedure 23 and that Hester seeks to certify a class of individuals as defined in Paragraph 11, but denies that class treatment of this case is appropriate, denies that Hester's class definition as defined in Paragraph 11 is proper, and denies the remaining allegations in Paragraph 11.

12. Hayes admits that Hester refers to the individuals he seeks to represent under the FLSA and the New Jersey State Wage and Hour Law as "Putative Class Members," but denies that class treatment of this case is appropriate, denies that Hester's definitions of the purported classes are proper, and denies the remaining allegations in Paragraph 12.

13. Hayes denies the allegations contained in Paragraph 13 of the Amended Complaint.

14. Hayes admits the allegations contained in Paragraph 14 of the Amended Complaint.

15. Hayes admits the allegations contained in Paragraph 15 of the Amended Complaint.

## FACTUAL ALLEGATIONS

16. Hayes admits the allegations contained in Paragraph 16 of the Amended Complaint.

17. Hayes lacks sufficient information to admit or deny the allegations contained in Paragraph 17 of the Amended Complaint.

18. Hayes denies that Phillips 66 employed Hester or any of the individuals whom he seeks to represent, but lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 18 of the Amended Complaint.

19. Hayes lacks sufficient information to admit or deny the allegations contained in Paragraph 19 of the Amended Complaint.

20. Hayes admits the allegations contained in Paragraph 20 of the Amended Complaint.

21. Hayes admits that it is a covered enterprise within the meaning of the FLSA, but denies that it engaged in any unlawful conduct, that Plaintiff is entitled to any relief, and that this action is appropriate as a collective/class action.

22. Hayes admits that Hester worked for Hayes and was staffed to Phillips 66 in the United States, but denies that Hester was employed by Phillips 66 and lacks sufficient information to admit or deny regarding the other individuals whom Plaintiff seeks to represent, and thus denies same.

23. Hayes admits that Hester worked for Hayes and was staffed to Phillips 66 at work sites in Texas and New Jersey, but denies that Hester was employed by Phillips 66.

24. Hayes admits that it employed Hester from September 2017 until March 2018, but denies that Hester was employed by Phillips 66.

25. Hayes admits that it staffed Hester to Phillips 66, but denies that Hester was employed by Phillips 66 and lacks sufficient information to admit or deny regarding the other "similarly situated workers," and thus denies same.

26. Hayes denies the allegations contained in Paragraph 26 of the Amended Complaint.

27. Hayes denies the allegations contained in Paragraph 27 of the Amended Complaint.

28. Hayes admits that Hester was typically scheduled for 10 to 12 hours for every day that he worked, but denies that Hester always worked 10 to 12 hours and denies that it engaged in any unlawful conduct, that Hester is entitled to any relief, and that this action is appropriate as a collective/class action.

29. Hayes admits that Hester may have sometimes worked 10 hours or more a day, but denies that he always worked at least 10 hours a day and denies the remainder of the allegations contained in Paragraph 29 of the Amended Complaint.

30. Hayes admits that Hester may have sometimes worked 7 days in a week, but denies that he always worked 7 days a week and denies the remainder of the allegations contained in Paragraph 30 of the Amended Complaint.

31. Hayes admits that Hester sometimes worked more than 70 hours a week, but denies that Hester worked more than 70 hours in a typical workweek and denies the remainder of the allegations contained in Paragraph 31 of the Amended Complaint.

32. Hayes denies the allegations contained in Paragraph 32 of the Amended Complaint.

33. Hayes denies the allegations contained in Paragraph 33 of the Amended Complaint.

34. Hayes denies the allegations contained in Paragraph 34 of the Amended Complaint.

35. Hayes denies the allegations contained in Paragraph 35 of the Amended Complaint.

36. Hayes denies the allegations contained in Paragraph 36 of the Amended Complaint (which are duplicative of the allegations contained in Paragraph 35).

37. Hayes denies the allegations contained in Paragraph 37 of the Amended Complaint.

38. Hayes denies the allegations contained in Paragraph 38 of the Amended Complaint.

39. Hayes denies the allegations contained in Paragraph 39 of the Amended Complaint.

40. Hayes denies the allegations contained in Paragraph 40 of the Amended Complaint.

41. Hayes denied the allegations contained in Paragraph 41 of the Amended Complaint.

42. Hayes denies the allegations contained in Paragraph 42 of the Amended Complaint.

### CLASS AND COLLECTIVE ACTION ALLEGATIONS

43. Hayes admits that Plaintiff seeks to bring this claim as a collective action under the FLSA and as a class action under the New Jersey State Wage and Hour Law, but denies that collective or class treatment of this case is appropriate, denies that Hester's collective and class definitions as defined in Paragraphs 10 and 11 of the Amended Complaint are proper, and denies the remaining allegations contained in Paragraph 43.

44. Hayes denies the allegations contained in Paragraph 44 of the Amended Complaint.

45. Hayes denies the allegations contained in Paragraph 45 of the Amended Complaint.

46. Hayes denies the allegations contained in Paragraph 46 of the Amended Complaint.

47. Hayes denies the allegations contained in Paragraph 47 of the Amended Complaint.

48. Hayes lacks sufficient information to admit or deny what Hester is aware of and thus denies same. Hayes denies the remainder of the allegations contained in Paragraph 48 of the Amended Complaint.

49. Hayes denies the allegations contained in Paragraph 49 of the Amended Complaint.

50. Hayes denies the allegations contained in Paragraph 50 of the Amended Complaint.

51. Hayes denies the allegations contained in Paragraph 51 of the Amended Complaint.

52. Hayes denies the allegations contained in Paragraph 52 of the Amended Complaint.

53. Hayes denies the allegations contained in Paragraph 53 of the Amended Complaint.

54. Hayes denies the allegations contained in Paragraph 54 of the Amended Complaint.

55. Hayes denies the allegations contained in Paragraph 55 of the Amended Complaint.

Case 4:18-cv-01078 Document 22 Filed on 10/02/18 in TXSD Page 7 of 15

56. Hayes denies the allegations contained in Paragraph 56 of the Amended Complaint.

57. Hayes denies the allegations contained in Paragraph 57 of the Amended Complaint.

58. Hayes denies the allegations contained in Paragraph 58 of the Amended Complaint.

59. Hayes denies the allegations contained in Paragraph 59 of the Amended Complaint.

60. Hayes denies the allegations contained in Paragraph 60, including subparts (a) through (f), of the Amended Complaint.

61. Hayes denies the allegations contained in Paragraph 61 of the Amended Complaint.

62. Hayes denies the allegations contained in Paragraph 62 of the Amended Complaint.

63. Hayes denies the allegations contained in Paragraph 63 of the Amended Complaint.

64. Hayes denies the allegations contained in Paragraph 64 of the Amended Complaint.

65. Hayes denies the allegations contained in Paragraph 65 of the Amended Complaint.

66. Hayes denies the allegations contained in Paragraph 66 of the Amended Complaint.

67. Hayes denies the allegations contained in Paragraph 67 of the Amended Complaint.

68. Hayes denies the allegations contained in Paragraph 68 of the Amended Complaint.

69. Hayes lacks sufficient information to admit or deny the allegations contained in Paragraph 69 of the Amended Complaint.

70. Hayes lacks sufficient information to admit or deny the allegations contained in Paragraph 70 of the Amended Complaint.

71. Hayes denies the allegations contained in Paragraph 71 of the Amended Complaint.

72. Hayes denies the allegations contained in Paragraph 72 of the Amended Complaint.

73. Hayes denies the allegations contained in Paragraph 73 of the Amended Complaint.

7

## CAUSE OF ACTION

74. Paragraph 74 requires no response, but to the extent a response is required, Hayes denies the allegations contained Paragraph 74.

75. Hayes admits that it is a covered enterprise engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA but denies that is engaged in any unlawful conduct, that Hester is entitled to any relief, and that this action if appropriate as a collective/class action.

76. Hayes admits that it employed Hester, but denies that Phillips 66 employed Hester and lacks sufficient information to admit or deny regarding the other individuals whom Plaintiff seeks to represent, and thus denies same.

77. Hayes denies the allegations contained in Paragraph 77 of the Amended Complaint.

78. Hayes denies the allegations contained in Paragraph 78 of the Amended Complaint.

79. Hayes denies the allegations contained in Paragraph 79 of the Amended Complaint.

80. Hayes denies the allegations contained in Paragraph 80 of the Amended Complaint.

## SECOND CAUSE OF ACTION

81. Paragraph 81 requires no response, but to the extent a response is required, Hayes denies the allegations contained Paragraph 81.

82. Hayes denies the allegations contained in Paragraph 82 of the Amended Complaint.

83. Hayes denies the allegations contained in Paragraph 83 of the Amended Complaint.

84. Hayes denies the allegations contained in Paragraph 84 of the Amended Complaint.

85. Hayes denies the allegations contained in Paragraph 85 of the Amended Complaint.

### JURY DEMAND

86. Hayes admits that Hester has requested a jury trial, but denies that Hester is entitled to any of the relief he seeks.

### PRAYER

87. Hayes denies that Hester is entitled to any of the relief that he requests, that Hayes engaged in any unlawful conduct, that Hester or the individuals he seeks to represent are entitled to any of the recovery and/or relief sought, and that this action is appropriate as a collective/class action.

### **AFFIRMATIVE AND OTHER DEFENSES**

Hayes pleads the following affirmative and other defenses, subject to further discovery in this lawsuit, but does not assume the burden of proof except to the extent required on pure affirmative defenses:

1. Hayes pleads the defense of improper venue pursuant to F.R.C.P. 12(b)(3). Venue is improper in the Southern District of Texas, Houston Division, because a substantial part of the events or omissions did not occur in this District and Division. Hayes further alleges that there is another district in which this action could have, and should have, been brought: the Northern District of Oklahoma. Venue is proper in the Northern District of Oklahoma because a substantial part of the events or omissions giving rise to the claim occurred in this District and because both Hayes and Phillips 66 are residents of, and subject to personal jurisdiction in, the Northern District of Oklahoma.

2. The Amended Complaint fails, in whole or in part, to state a cause of action against Hayes upon which relief can be granted and should therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

3. Any cause of action or claim for damages stated in the Amended Complaint arising more than two years before the filing of the lawsuit is barred by the statute of limitations set forth in 29 U.S.C. § 255(a).

4. Any cause of action or claims for damages stated in the Amended Complaint under the New Jersey State Wage and Hour Law is barred by the applicable statute of limitations.

5. Any acts or omissions by Hayes with respect to the payment of wages were undertaken in good faith reliance on the regulations and interpretations of the Wage Hour Administration of the United States Department of Labor and/or legal advice or opinions from outside counsel and were based on long-standing industry standards and practices.

6. To the extent sought, pre-judgment interest is not available in a case brought pursuant to 29 U.S.C. §§ 216 and 260 or the New Jersey State Wage and Hour Law.

7. The allegations in the Amended Complaint are insufficient to establish that any alleged putative class members are similarly situated for purposes of maintaining a representative action pursuant to the requirements of 29 U.S.C. § 216(b).

8. The purported class definition is not sufficiently precise to meet the requirements of a collective action under the FLSA.

9. Based on information and belief, Plaintiff has been fully compensated for all hours worked and for all overtime in accordance with the requirements of the FLSA and New Jersey State Wage and Hour Law.

10. Plaintiff cannot satisfy his burden of proof with respect to any alleged damages suffered.

11. The allegations in the Amended Complaint are insufficient to establish that Hayes engaged in willful conduct as defined by the FLSA, the New Jersey State Wage and Hour Law and relevant case law. Thus, any relevant period of consideration in this matter is limited to a two-year period prior to the institution of this lawsuit.

12. To the extent sought, Plaintiff is not entitled to a jury determination regarding attorneys' fees or liquidated damages in a case brought pursuant to 29 U.S.C. §§ 216 and 260 and/or the New Jersey State Wage and Hour Law.

13. Assuming, *arguendo*, Plaintiff is entitled to recover damages in this action, Plaintiff cannot recover for noncompensable or *de minimus* matters and Plaintiff's claims would be subject to offsets and deductions, including any and all payments for wages and payments in kind, received by Plaintiff during the time period for which damages are sought, including any time for which Plaintiff was paid but did not work.

14. Plaintiff is exempt from the overtime provisions of 29 U.S.C. § 207 pursuant to the provisions of 29 U.S.C. § 213, including the administrative, executive, professional exemptions, some combination thereof, and/or the highly compensated employee exemption.

15. Plaintiff is exempt from the overtime provisions under state and local law, including, but not limited to the provisions of N.J. Admin. Code § 12:56-7.1, 7.2, including the bona fide executive, administrative, or professional capacity.

16. Subject to further discovery, Plaintiff's alleged losses and damages, if any, are the result of, and directly related to, Plaintiff's own conduct, actions and/or failure to act.

17. Plaintiff's claims against Hayes are barred, in whole or in part, because this action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

18. Plaintiff fails to satisfy the prerequisites for a class action under Federal Rule of Civil Procedure 23.

19. Plaintiff's claims against Hayes are barred, in whole or in part, because Plaintiff is not a proper class representative pursuant to Rule 23 of the Federal Rules of Civil Procedure.

20. Plaintiff's claims under the New Jersey State Wage and Hour Law, if not preempted in whole or in part by federal law, are barred in whole or in part because Plaintiff failed to establish the statutory prerequisites for these claims.

21. Plaintiff has not satisfied, and cannot satisfy, the requirements for certification of any type of class under the Federal Rules of Civil Procedure or state law, whichever may be applicable, and this action may not be properly maintained as any type of class action, collective action, or representative action because:

    a. Plaintiff has failed to plead and cannot establish the necessary procedural elements and requirements for treatment as such an action and such treatment is neither appropriate nor constitutional;

b. Such an action is not an appropriate method for the fair and efficient adjudication of the claims described in Plaintiff's Amended Complaint.

c. Common issues of fact or law which are of legal significance do not predominate and any common facts or law are insignificant compared to the individual facts and issues particular to Plaintiff and any putative class members he purports to represent;

d. Plaintiff is not similarly situated to any of the putative class members he purports to represent and his claims and defenses are not representative or typical of the claims and defenses of such putative class members and the alleged putative class members as described in the Amended Complaint are not similarly situated to each other;

e. Plaintiff is not a proper class representative or representative Plaintiff and lacks standing to assert the legal rights or interests of the putative class members he purports to represent;

f. Plaintiff and alleged putative class counsel are not adequate representatives for any alleged putative classes because they are not able to fairly and adequately represent and protect the interests of all of the putative class members they purport to represent;

g. There is not a well-defined community of interest in the questions of law or fact affecting Plaintiff and the putative class members he purports to represent;

h. Any alleged putative classes are not ascertainable, nor are their members identifiable;

      i. To the extent any alleged putative classes are ascertainable and their members are identifiable, the number of putative class members is too small to meet the numerosity requirement or is not so large that joinder of the individual members would not be impractical; and

      j. Plaintiff's claims and the claims of putative class members are not proper for class or collective certification because neither a class nor collective action is superior to other available methods for fair and efficient adjudication of this matter.

22. Plaintiff cannot recover under state laws for any alleged failure to pay overtime that is attributable to work performed outside of the state whose law was allegedly violated.

23. Plaintiff is not entitled to recover overtime pay or obtain other relief pursuant to the law of any state in which he performed no work.

24. Pursuant to 28 U.S.C. § 1404, for the convenience of the parties and witnesses, in the interest of justice, this case should be transferred to another district and/or division.

25. Plaintiff is not entitled to double or duplicative recovery.

26. Plaintiff cannot recover any damages or duplicative relief under state law to the extent that such damages or relief is duplicative of damages or relief realized through an FLSA claim.

27. Plaintiff's claims for damages are capped or limited in accordance with applicable law.

28. Hayes specifically reserves the right to assert other defenses reasonable in advance of trial.

WHEREFORE, PREMISES CONSIDERED, Defendant Hayes Field Services Company, LLC prays that Plaintiff Carl Hester take nothing by way of his claims, and that this Court grant Defendant its fees, costs and expenses, as allowed by law, and such other and further relief.

Dated: October 2, 2018.

Respectfully submitted,

OF COUNSEL:
**GORDON REES SCULLY MANSUKHANI LLP**
Heidi J. Gumienny
Texas Bar No. 24036696
Federal I.D. No. 36890
hgumienny@grsm.com

1900 West Loop South, Suite 1000
Houston, Texas 77027
(713) 961-3366 (Tel)
(713) 961-3938 (Fax)

/s/ Heidi J. Gumienny
LAURA E. DE SANTOS
Attorney-in-Charge
Texas Bar No. 00793612
Federal I.D. No. 19328
**GORDON REES SCULLY MANSUKHANI LLP**
3D/International Tower
1900 West Loop South, Suite 1000
Houston, Texas 77027
(713) 961-3366 (Tel)
(713) 961-3938 (Fax)
ldesantos@grsm.com

**ATTORNEYS FOR DEFENDANT HAYES FIELD SERVICES COMPANY, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 2nd day of October, 2018, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ Heidi J. Gumienny
HEIDI J. GUMIENNY